LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL WARD, ) <br>    Plaintiff ) <br> ) <br>    v. ) <br> ) <br> WHITMORE SUPER ) <br> MARKET LTD., ) <br>    Defendant ) <br> _____ ) | CIVIL NO.  18-00296 DKW-KJM <br><br> FIRST AMENDED COMPLAINT |

**FIRST AMENDED COMPLAINT**

Plaintiff DANIEL WARD, through his undersigned counsel, avers and alleges:

JURISDICTION AND VENUE

1.  This court has original jurisdiction pursuant to 28 U.S.C. Section 1331 through the federal question raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. Section 12101 et seq., and has pendant jurisdiction over the parallel state claim.

2. All events material hereto occurred within the District of Hawaii.

3. Plaintiff DANIEL WARD is a person with a disability. Plaintiff is a spinal cord-injured quadriplegic. He therefore has standing to bring this suit for the alleged discrimination.

## VIOLATION OF 42 U.S.C. 12101 ET. SEQ.

4. According to 28 CFR part 36, the defendant is a "public accommodation," owning and/or in control of property on which is operating one or more "places of public accommodation", including a restaurant, named "Merlina's Kitchen" and a convenience store located at 1203 Whitmore Avenue, Wahiawa, City & County of Honolulu, Hawaii, and thereby falls under the ambit of the ADA, 42 U.S.C. Section 12101 et seq.

5. The defendant is domestic profit corporation registered with the State of Hawaii Dept. of Commerce and Consumer Affairs, Business Registration Division. Defendant is amenable to suit by any aggrieved individual for violation of the ADA, including the plaintiff.

6. The defendant has violated and has not complied with the ADA final rules, 28 CFR part 36, Subpart C, including but not limited to failure to eliminate readily achievable architectural barriers to equal accessibility, including but not limited to:

　　a) no accessible route;

　　b) no accessible entrance;

　　c) no accessible parking

THEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT: enter judgment for the plaintiff and against the defendant and order the following relief:

　　A) An injunction ordering the defendant's full

compliance with the ADA within one hundred eighty (180) days;

B) Payment of plaintiff's litigation costs, including reasonable attorney's fees; and

C) Such other relief as the court deems proper.

DATED: Honolulu, Hawaii, September 17, 2018.

/s/ LUNSFORD DOLE PHILLIPS